**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CORINA H.,[1] | : | Case No. 3:21-cv-00131 |
| | : | |
|     Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
|     Defendant. | : | |

**REPORT AND RECOMMENDATIONS[2]**

## I.     INTRODUCTION

Plaintiff protectively filed an application for Supplemental Security Income in

September 2018. Plaintiff's claims were denied initially and upon reconsideration. After

a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that

Plaintiff was not eligible for benefits because she was not under a "disability" as defined

in the Social Security Act. The Appeals Council denied Plaintiff's request for review.

Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for further

proceedings. The Commissioner asks the Court to affirm the non-disability decision. This

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

[2] *See* 28 U.S.C. § 636(b)(1). The notice at the end of this opinion informs the parties of their ability to file objections to this Report and Recommendations within the specified time period.

matter is before the Court on Plaintiff's Statement of Errors (Doc. 8), the Commissioner's

Memorandum in Opposition (Doc. 12), Plaintiff's Reply (Doc. 13), and the

administrative record (Doc. 6).

## II.    BACKGROUND

Plaintiff asserts that she has been under a disability since January 2, 2011. At that

time, she was fifty-one years old. Accordingly, Plaintiff was considered a "person closely

approaching advanced age" under Social Security Regulations. *See* 20 C.F.R. §

416.963(d). Plaintiff has a marginal education. *See* 20 C.F.R. § 416.964(b)(2).

The evidence in the administrative record is summarized in the ALJ's decision

(Doc. 6-2, PageID 47-60), Plaintiff's Statement of Errors (Doc. 8), the Commissioner's

Memorandum in Opposition (Doc. 12), and Plaintiff's Reply (Doc. 13). Rather than

repeat these summaries, the Court will discuss the pertinent evidence in its analysis

below.

## III.    STANDARD OF REVIEW

The Social Security Administration provides Supplemental Security Income to

individuals who are under a "disability," among other eligibility requirements. *Bowen v.*

*City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a).

The term "disability" means "the inability to do any substantial gainful activity by reason

of any medically determinable physical or mental impairment which . . . has lasted or can

be expected to last for a continuous period of not less than 12 months." 20 C.F.R.

§ 416.905(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

3

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV.    THE ALJ'S DECISION

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since September 7, 2018, the alleged onset date. |
| Step 2: | | She has the severe impairments of obesity, degenerative disc disease; degenerative joint disease of the knees and hips; gastroesophageal reflux disease (GERD), Chronic Obstructive Pulmonary Disease (COPD), hypertension, Post-Traumatic Stress Disorder (PTSD), and Borderline Intellectual Functioning (BIF). |
| Step 3: | | She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | Her residual functional capacity, or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work…subject to the following limitations: (1) never climb ladders, ropes, scaffolds; (2) occasionally climb ramps and stairs, stoop, and kneel, (3) frequently crouch and crawl; (4) occasional exposure to extreme cold, extreme heat, humidity, dusts, odors, fumes, and pulmonary irritants; (5) avoid unprotected heights and dangerous machinery; (6) able to |

perform simple, routine tasks, but not at a production-rate pace and
without strict performance quotas; (7) occasional interaction with
supervisors, coworkers, and the general public; and (8) able to
tolerate occasional changes to a routine work setting defined as 1-2
per week."

She has no past relevant work.

Step 5:     Considering Plaintiff's age, education, work experience, and residual
            functional capacity, there are jobs that exist in significant numbers in
            the national economy that she can perform.

(Doc. 6-2, PageID 50-60.) These findings led the ALJ to conclude that Plaintiff does not

meet the definition of disability and so is not entitled to benefits. (*Id.*, at PageID 60.)

## V.     ANALYSIS

Plaintiff contends that the ALJ's mental residual functional capacity determination

is not supported by substantial evidence because the ALJ failed to evaluate mental health

opinions rendered by treating therapist, Bridgette Herman, LCSW, LPC, MSW and

psychologist, Larry C. James, Ph.D. Finding error in the ALJ's failure to consider Ms.

Herman's opinion, the undersigned declines to address Plaintiff's other alleged error and,

instead, recommends that the Court instruct the ALJ to address both errors on remand.

The undersigned further finds that the ALJ erred by finding that Plaintiff is capable of

occasional interaction, without any limitation to superficial interaction, because that

finding is not supported by substantial evidence.

### A.     <u>Applicable Law</u>

ALJs are required to evaluate all medical opinions that exist in the case record in

accordance with specific regulations and standards. *See* 20 C.F.R. § 416.927; 20 C.F.R.

§ 416.920c. For claims filed before March 27, 2017, those standards include the "treating

physician rule," which requires an ALJ to give "controlling weight" to a treating source's

opinion so long as it was "well-supported by medically acceptable clinical and laboratory

diagnostic techniques" and "not inconsistent with the other substantial evidence" in the

record. 20 C.F.R. § 416.927(c)(2); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376

(6th Cir. 2013).

Different standards apply for claims, such as Plaintiff's claims in this case, that

were filed after March 27, 2017. Under the new regulations, the ALJ "will not defer or

give any specific evidentiary weight, including controlling weight, to any medical

opinion(s) or prior administrative medical finding(s) . . . ." 20 C.F.R. § 416.920c(a).

Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior

administrative medical finding by considering the following factors: (1) supportability;

(2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other

factor "that tend[s] to support or contradict a medical opinion or prior administrative

medical finding." 20 C.F.R. § 416.920c(c). Notably, the new regulations for evaluating

medical opinion evidence require the ALJ to analyze the persuasiveness of "***all*** of the

medical opinions" in the record. 20 C.F.R. § 416.920c(b) (emphasis added).

Because the first two factors – supportability and consistency – are the "most

important" factors, the ALJ "***will*** explain" how he or she considered them. 20 C.F.R.

§ 416.920c(b)(2) (emphasis added).[3] As to the first factor (supportability), "[t]he more

---

[3] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20
C.F.R. § 416.920c(b)(2).

relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). As to the second factor (consistency), "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 416.920c(c)(2).

**B.** **The ALJ Erred By Ignoring The Medical Opinion of Treating Therapist Bridgette Herman, LCSW, LPC, MSW, In Violation Of The Applicable Regulations**

Ms. Herman, a licensed clinical social worker, completed an assessment on October 10, 2018. (Doc. 6-7, PageID 396.) She treated Plaintiff between two and four times per month between March 3, 2017, and April 25, 2018. (*Id.*, PageID 396-97.) Ms. Herman described Plaintiff's mood and affect as depressed with anxiety. (*Id.*, PageID 396.) Plaintiff reported having moderate to severe symptoms of anxiety with panic attacks, social anxiety, paranoia and difficulty being around males. (*Id.*) Plaintiff's insight was poor due to past trauma and difficulty with utilizing coping skills, and her judgment was poor in relation to boundaries and life skills. (*Id.*) Ms. Herman opined that Plaintiff would have difficulty focusing at times, poor social interaction (primarily with males), and would react poorly to the pressures of simple, routine, and repetitive tasks due to anxiety in social situations. (*Id.*, PageID 397.)

Plaintiff argues that the ALJ reversibly erred by ignoring Ms. Herman's medical opinion. Defendant contends that Ms. Herman is "not an acceptable medical source" and

therefore argues that "the ALJ was under no obligation to discuss her assessment as if it [were] a medical opinion . . . ." (Doc. 12, PageID 706.) Alternatively, Defendant argues that even if there were such an obligation, the ALJ justifiably ignored Ms. Herman's opinion because it was based on treatment and observations outside the relevant time period. (*Id.*, PageID 705.) Defendant's arguments fail for several reasons.

Although Ms. Herman, a licensed clinical social worker, is not an "acceptable medical source," *see* 20 C.F.R. § 416.902(a), she is a "medical source" that can render a medical opinion under the new regulations. 20 C.F.R. § 416.902(i); *see also Morris v. Saul*, No. 1:19-cv-01588, 2021 WL 3889555, at *6 (M.D. Penn., Jan. 4, 2021) ("While licensed clinical social workers and clinical mental health counselors are not 'acceptable medical sources,' under the new applicable regulations, they are 'medical sources' who can render 'medical opinions' for consideration of a claimant's disability"). Thus, the ALJ was required to articulate how he considered Ms. Herman's opinion when assessing Plaintiff's residual functional capacity. *See Stacie B. v. Comm'r of Soc. Sec.*, No. 2:21-cv-4650, 2022 WL 1793149, at *4-5 (S.D. Ohio, June 2, 2022) (Jolson, M.J.), report and recommendation adopted, 2022 WL 2237057 (S.D. Ohio, June 22, 2022) (Graham, D.J.) (citing 20 C.F.R. § 416.920c).

As noted above, ALJs are required to analyze the persuasiveness of "***all*** of the medical opinions" in the record, not just opinions from acceptable medical sources. 20 C.F.R. § 416.920c (emphasis added). Here, the ALJ indisputably failed to articulate his consideration of Ms. Herman's opinion because he did not mention Ms. Herman at all. This omission contravenes the governing regulation, 20 C.F.R. § 416.920c, and provides

a basis for this Court to reverse the ALJ's decision. *See Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) ("[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'") (citation omitted).

Defendant argues that if the ALJ did err, the error is harmless because Ms. Herman treated Plaintiff before the relevant period. (Doc. 12, PageID 706.) But the evidence may still be probative of the Plaintiff's condition during the relevant time period, even if the observations were made prior to that time. *See, e.g., Sacilowski v. Saul*, 959 F.3d 431, 439 (1st Cir. 2020) ("Though these [questionnaires] fall before the Relevant Time Period, they evince [claimant's] progressively deteriorating condition and resulting inability to work"); *Peter v. Apfel*, 1998 U.S. App. LEXIS 30764, *8 (6th Cir. Nov. 30, 1998) ("Although Dr. Shaikh's [October 1989] opinion falls outside the relevant time period in issue, which is April 28, 1990 through June 30, 1993, there is no indication that Peter's condition improved from October until April. . . . [T]he fact that it was rendered outside the relevant time period does not indicate that it should be entitled to less weight."). It is for the ALJ, not this Court, to address that issue in the first instance.

Defendant also argues that the ALJ's error is harmless because Ms. Herman's opinion does not support additional limitations than those already included in the residual functional capacity (RFC) assessment. This argument is unsupported by the record. While the ALJ limited Plaintiff to simple, routine tasks not at a production-rate pace or without strict performance quotas, Ms. Herman went further by opining that Plaintiff

9

would react poorly to even simple, routine, or repetitive tasks while in a work setting. (Doc. 6-2, PageID 55; Doc. 6-7, PageID 397.) Likewise, while the ALJ determined that Plaintiff could tolerate occasional changes to a routine work setting, Ms. Herman opined that Plaintiff's adaptation abilities were impaired and that she had poor insight and judgment and difficulty achieving daily life goals and tasks. (*Id.*) The ALJ's RFC does not accommodate Ms. Herman's opinion. Therefore this argument, too, is unpersuasive.

Accordingly, the undersigned concludes that the ALJ reversibly erred by ignoring Ms. Herman's medical opinion and failing to evaluate its persuasiveness, in violation of 20 C.F.R. § 416.920c. Because that error prejudiced Plaintiff's claim on the merits, the undersigned RECOMMENDS that the Court GRANT Plaintiff's Statement of Errors, REVERSE the Commissioner's non-disability determination, and REMAND this matter to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations.

C. **The ALJ's Finding That Plaintiff Is Limited To Occasional Contact Is Not Supported By Substantial Evidence**

The undersigned also concludes that the ALJ reversibly erred by finding that Plaintiff is capable of "occasional interaction with supervisors, co-workers and the general public." (Doc. 6-2, PageID 55.) This finding is not supported by substantial evidence. The state agency reviewing opinions on which the ALJ relied stated that Plaintiff could maintain superficial—not occasional—contact with coworkers and the

public.[4] (Doc. 6-3, PageID 113, 133.) The two terms are not interchangeable: while

"occasional contact" refers to the quantity of time spent with individuals, "superficial

contact" goes to the quality of the interactions. The ALJ's conclusion that Plaintiff is

capable of occasional interactions, without including a limitation that restricts her to

superficial interactions, constitutes reversible error. *See Garvin v. Comm'r of Soc. Sec.*,

No. 2:20-cv-2566, 2021 WL 2200423, at *6 (S.D. Ohio June 1, 2021) (Deavers, M.J.),

report and recommendation adopted, No. 2:20-cv-2566, 2021 WL 2533191 (S.D. Ohio

June 21, 2021) (Sargus, D.J.), *citing, e.g., Hutton v. Comm'r of Soc. Sec.*, No. 2:20-cv-

339, 2020 WL 3866855, at *5 (S.D. Ohio July 9, 2020) (Vascura, M.J.), report and

recommendation adopted sub nom. *Hutton v. Comm'r of Soc. Sec. Admin.*, No. 2:20-cv-

339, 2020 WL 4334920 (S.D. Ohio July 28, 2020) (Morrison, D.J.) (reversing and

remanding where ALJ explanation was lacking because "superficial interaction" is a

well-recognized, work-related limitation); *Corey v. Comm'r Soc. Sec.*, No. 2:18-cv-1219,

2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) (Vascura, M.J.) ("[R]eversal is

warranted because the ALJ assigned significant weight to Dr. Marlow's opinions, but

failed to include limitations for 'superficial' interactions."); *Lindsey v. Comm'r Soc. Sec.*,

No. 2:18-cv-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.).

Accordingly, the Court concludes that the ALJ's finding that Plaintiff is limited to

occasional contact, without a limitation for superficial contact, is not supported by

substantial evidence. The undersigned therefore RECOMMENDS that the Court GRANT

---

[4] Notably, the ALJ found the opinions of state agency reviewing psychologists, Dr. Edwards and Dr. Tishler, were "persuasive" and that they were "the only mental health professionals to translate [Plaintiff's] symptoms into vocationally relevant limitations." (Doc. 6-2, PageID 52.)

Plaintiff's Statement of Errors, REVERSE the Commissioner's non-disability determination, and REMAND this matter to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations.

## VI. REMAND

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding that the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming

or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should further develop the record as necessary, particularly as to the opinion of Dr. Larry C. James, Ph.D., and evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Supplemental Security Income should be granted.

**IT IS THEREFORE RECOMMENDED THAT**:

1.      Plaintiff's Statement of Errors (Doc. 8) be GRANTED;

2.      The Court REVERSE the Commissioner's non-disability determination;

3.      No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4.      This matter be REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations; and

5.      This case be terminated on the Court's docket.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).